## STATE v. JASPER A. DILL.

An indictment charging the defendant with the larceny of "one bill of fractional currency, of the value," &c., and concluding at common law, and not against the statute, is bad; and it was error in the court below not to arrest the judgment.

This was an INDICTMENT for *Larceny*, tried before his Honor, Judge CANNON, at the Spring Term, 1876, of the Superior Court of JACKSON County.

The defendant was charged with stealing a bill of the fractional currency of the government of the value of fifty cents, the indictment concluding at common law, and not against the statute.

The defendant was found guilty, and his counsel moved in arrest of judgment, basing his motion upon the ground, (among other exceptions, unnecessary to be mentioned,) that the indictment was bad, because it did not conclude against the statute.

His Honor overruled the motion; and the defendant appealed.

*Furguson,* for the defendant.
*Attorney General Hargrove,* for the State.

PEARSON, C. J.   Larceny at common law was the stealing of the *goods* and *chattels* of another.   A promissory note or other chose in action was neither "goods or chattels," hence the necessity of a statute to make the stealing of a promissory note, or other chose in action an offence of the grade of larceny at common law; in like manner stealing growing corn was not larceny at common law, because it was attached to the realty, and a statute was necessary to create that an offence of the grade of larceny, in other words to make it larceny.

The indictment concludes at common law, and makes no reference to the statute by which the offence is created. Note the distinction between the cases where the statute merely affects the punishment, and where a statute creates the offence.

The Attorney General conceded that this defect was not embraced by the statute concerning formal defects in indictments, and he was not able to cite any authority, charging as an offence at common law, an act that is created an offence by statute.

There is error. The judgment ought to be arrested. This will be certified, &c.

PER CURIAM.                    Judgment arrested.